# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 10, 2013

Lyle W. Cayce
Clerk

No. 11-41378
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SANCHEZ-REBOLLAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-835-1

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Sanchez-Rebollar appeals the 24-month within-guidelines sentence imposed after his guilty plea conviction for being found in the United States after previous deportation, arguing that the district court abused its discretion in denying his request for a downward departure on the ground that his criminal history category overrepresented the seriousness of his criminal history.

The record indicates that the district court was aware of its authority to depart downward, considered Sanchez-Rebollar's arguments, and stated that it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would consider his request.  Sanchez-Rebollar has not shown that the district court violated federal law in imposing the sentence.  Because the district court was aware of its authority to depart downward, this court lacks jurisdiction to review the denial of his request for a downward departure.  *See United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008).

Sanchez-Rebollar argues that the sentence imposed by the district court was substantively unreasonable because the district court failed to consider adequately his personal history and characteristics pursuant to 18 U.S.C. § 3553(a)(1) and placed him into a criminal history category that overrepresented the seriousness of his criminal history.  Because Sanchez-Rebollar did not object to the substantive reasonableness of the sentence in the district court, review is limited to plain error.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

The 24-month within-guidelines sentence is presumptively reasonable. *See id.*  The district court considered Sanchez-Rebollar's arguments, noted that he had just finished serving a 21-month sentence for a prior illegal reentry offense and committed the instant offense within three months of his release from prison, and determined that a 24-month within-guidelines sentence was appropriate.  Sanchez-Rebollar has not shown that the district court failed to take into account a significant factor, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  His disagreement with the propriety of the sentence does not suffice to rebut the presumption of reasonableness that applies to his within-guidelines sentence. *See, e.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Sanchez-Rebollar has shown no error, plain or otherwise.  *See Ruiz*, 621 F.3d at 398.

AFFIRMED.